UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| KORRIE LADALE DAVIS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) Nos. | 1:12-CR-130-HSM-SKL |
| | ) | 1:14-CV-192-HSM |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") and a motion to amend the 2255 Motion [Doc. 38] filed by federal prisoner, Korrie Ladale Davis ("Petitioner") [Doc. 32].[1] Respondent United States of America (the "Government") filed a response in opposition to each motion [Doc. 35 & 41], and Petitioner filed a reply [Doc. 36]. For the reasons stated below, both motions will be **DENIED**.

**I.    BACKGROUND**

In October 2012, a federal grand jury charged Petitioner with conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) and with seven counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) [Doc. 1]. Pursuant to a written plea agreement filed January 29, 2013, that specifically referenced Petitioner's increased statutory penalty resulting from at least one prior drug felony conviction, Petitioner pleaded guilty to Count One on February 19, 2013, with a bargain that the other charges would be dismissed at sentencing [Docs. 14, 21-24]. As pertinent, the Government also filed a notice of its intent to use

---

[1] All citations to the record are to the docket in the underlying criminal case.

Petitioner's November 22, 1999 felony drug conviction to mandate an increased statutory punishment pursuant to 21 U.S.C. § 851 ("§ 851 Notice") on February 19, 2013, the same day—but before—Petitioner entered his guilty plea to Count One [Doc. 20].

In his plea agreement and during his plea colloquy, Petitioner acknowledged an appropriate disposition of the case could be up to the increased statutory maximum sentence. As he was determined to be a career offender, Petitioner's criminal history category was VI and the resulting sentence range under the applicable 2012 advisory United States Sentencing Guidelines ("Guidelines") was 188 to 235 months [Presentence Investigation Report ("PSR") ¶¶ 61, 100; *see also* Doc. 26 at Page ID # 67]. Petitioner successfully argued the career offender enhancement was greater than necessary, and the Court granted Petitioner's request for a below-Guidelines sentence. Petitioner was sentenced to 160 months' imprisonment on May 29, 2013 [Doc. 30].

Petitioner did not appeal, so his conviction became final at the expiration of the time for seeking such review, June 12, 2013. Petitioner claims he timely placed his § 2255 motion into the prison mail system for filing on June 6, 2014 [*See* Docs. 32, 32-1, & 36]. Some two years later, in 2016, Petitioner filed a motion with the Sixth Circuit Court of Appeals for authorization to file a second or successive motion to vacate while his 2255 Motion was still pending with this Court. Because Petitioner's 2255 Motion was still pending, the Sixth Circuit directed that the motion for authorization to file a second or successive motion to vacate be treated as a motion to amend the 2255 Motion [Doc. 37]. Both motions are now ripe.

## II. STANDARDS

### A. Threshold Standards

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence

was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors that constitute "fundamental defect[s] which inherently result[] in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962), *quoted in Reed v. Farley*, 512 U.S. 339, 348-49 (1994); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required

### B. Standard for Ineffective Assistance of Counsel

Petitioner raises ineffective assistance of counsel issues. Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). That test provides that, to demonstrate a violation of the Sixth

Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, i.e., prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

## III. ANALYSIS

### A. Petitioner's 2255 Motion

In his 2255 Motion, Petitioner alleges his counsel was deficient for not objecting when the Government did not timely file its § 851 notice at least 30 days prior to his entry of a plea *agreement* or list the prior felonies upon which the Government intended to reply to enhance his sentence in the plea agreement. The Government argues Petitioner's claims are time barred and meritless.

#### 1. Whether Petitioner's Claims Are Time Barred

Addressing the statute of limitations issue first, a one-year statute of limitations applies to the filing of a § 2255 motion. *See* 28 U.S.C. § 2255(f). The one-year limitation period commences on the latest of one of the following four dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

5

the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1-4)

For purposes of subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a conviction generally becomes final for purposes of collateral review at the conclusion of direct review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). In compliance with the waiver terms of his plea agreement, Petitioner did not appeal his conviction so it became final on June 12, 2013, i.e., 14 days after the Court entered judgment. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). As a result, in order to be timely under § 2255(f)(1), the 2255 Motion should have been filed on or before June 12, 2014, but it was not. *See Benitez v. United States,* 521 F.3d 625, 629-30, 636 (6th Cir. 2008) (applying *Sanchez-Castellano* and holding that § 2255 motion filed two days late was untimely unless movant was entitled to equitable tolling). Instead, the 2255 Motion was filed on June 20, 2014.

Focusing on the date-stamp on the envelope, the Government argues Petitioner did not deliver his 2255 Motion to prison officials for mailing until June 16, 2014, a few days after the one-year statute of limitations expired [Doc. 32-1]. Petitioner counters that he dated his 2255 Motion and placed it into the prison mailing system on June 6, 2014, has sworn that he submitted

the 2255 Motion to prison officials timely under the "prison mailbox rule,[2]" and points out that the Government has offered no proof for its position that the date stamped on the envelope refers to the date he submitted the 2255 Motion for mailing versus any one of a few possible processing dates [Doc. 36].

The Government has not responded to Petitioner's arguments that his filing is timely under the prison mailbox rule because the 2255 Motion was timely placed into the prison mail system. Moreover, it is not necessary to resolve this issue, because even assuming the 2255 Motion was timely filed, it fails on the merits.

### 2. Whether Petitioner's Claims Have Merit

Petitioner alleges his plea *agreement* failed to comply with the statutory provisions of 21 U.S.C. § 851 because the agreement did not list the felony used to enhance his sentence and because the Government did not file its § 851 Notice until nearly thirty days after Defendant entered into the plea agreement. Defendant argues his counsel should have objected to the application of the § 851 enhancement at sentencing as a result.

Under 21 U.S.C.§ 851,

> (a) Information filed by United States Attorney
>
> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, *or before entry of a plea of guilty*, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

---

[2] Because Petitioner is currently incarcerated, his motion is deemed filed on the date it was delivered to the appropriate prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings (establishing the "prison mailbox rule").

21 U.S.C.A. § 851 (Emphasis added).

First, to the extent Petitioner is attempting to state any stand-alone claims of constitutional error that he failed to raise in a direct appeal, such a challenge has been procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). *See also Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003) ("In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent.").[3] Perhaps in an attempt to avoid the consequences of defaulted sentencing claims, Petitioner cloaks his sentencing claims in an ineffective assistance of counsel argument.

Second, and perhaps in an attempt to avoid the consequences of his defaulted sentencing claims, Petitioner presents this argument in the context of an ineffective assistance of counsel claim. As a result, he must show that (1) the § 851 Notice was not properly filed and (2) his

---

[3] Petitioner waived the right to file any motions pursuant to 28 U.S.C. § 2255 to attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial conduct not known to the Petitioner at the time of the entry of judgment [Doc. 14 at Page ID # 46]. A defendant may waive any right, even a constitutional right, if he does so knowingly and voluntarily, and such a waiver provision in a plea agreement is enforceable. *See United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). In the instant matter, Petitioner knowingly and voluntarily waived his right to file a § 2255 motion with few exceptions. While Petitioner's § 851 Notice claim appears to be a thinly disguised attempt to avoid the waiver by casting the claim in the guise of an ineffective-assistance-of-counsel claim, the Government has not asserted waiver with respect to Petitioner's § 851 Notice claim. As the Government does not address the waiver in its opposition to the 2255 Motion, however, the Court will not address possible waiver under the § 2255 waiver provision in Petitioner's plea agreement.

counsel's performance in this regard was deficient and this deficiency actually prejudiced his case. *See Strickland*, 466 U.S. at 687. Petitioner has not made the requisite showing.

Contrary to Petitioner's mistaken assertion, the Court finds the §851 Notice was properly filed because it was filed prior to Petitioner's entry of his guilty plea [Doc. 20]. Although Petitioner may have signed and filed the plea *agreement* before the § 851 Notice was filed, he did not enter his guilty plea until after the § 851 Notice was filed. The filing of the § 851 Notice triggered the increased statutory penalty and 21 U.S.C. § 851 requires only that the notice be filed in advance of trial or the entry of a guilty plea, a requirement fully met in this case. In addition, the plea agreement clearly states that Petitioner would be subject to an increased statutory penalty because he had at least one prior felony drug conviction [Doc. 14, at Page ID # 38, ¶ 1(c)]. As for Petitioner's claim that the plea agreement also needed to explicitly list the conviction supporting the 21 U.S.C. § 851 enhancement, Petitioner has not identified any legal authority supporting such a proposition and the Court is not aware of any such requirement. The purpose of § 851 is to provide reasonable notice of the government's intent to rely on a past conviction so a defendant has an opportunity to be heard regarding the possibility of an enhanced sentence. *United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997). Petitioner had such notice.

Petitioner also suggests that the 21 U.S.C. § 851 enhancement may have violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013). This suggestion also fails because *Alleyne* only prohibited judicial determinations as to facts other than the fact of a prior conviction which increases the statutory penalty for an offense. 133 S. Ct. at 2155. Given that the 21 U.S.C. § 851 enhancement at issue stemmed from Petitioner's prior conviction, *Alleyne* is not implicated or violated. Moreover, as asserted by the Government, *Alleyne* does not apply retroactively to cases on collateral review. *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014).

That his counsel failed to make a meritless objection to the § 851 Notice does not in any way fall below an objective standard of reasonableness or cause prejudice. As there was no legitimate basis for an objection, counsel was not ineffective for failing to specifically object to the §851 Notice. *See e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (holding counsel is not constitutionally ineffective for not pursing meritless claims); *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (holding an attorney is not ineffective for failing to raise a meritless objection).

To the extent Petitioner's claim is that the notice requirements of 21 U.S.C. § 851 did not address his status as a career offender, the Sixth Circuit has repeatedly held that the notice requirements apply only to statutory sentencing enhancements, not to career offender enhancements under the sentencing guidelines. *See e.g.*, *United States v. Meeks*, 664 F.3d 1067, 1073 (6th Cir. 2012); *United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993); *Holland v. United States*, No. 1:09-cr-186, 2016 WL 3951145, at *3 (E.D. Tenn. July 20, 2016).

In short, Petitioner's claims fail on the merits even assuming he timely filed the 2255 Motion under the prison mailbox rule.

**B. Motion to Amend**

In what is being treated as a motion to amend, Petitioner cites to *Mathis v. United States*, 136 S. Ct. 2243 (2016), among other cases, and seeks to attack his career offender designation under U.S.S.G. § 4B1.1. Petitioner alleges that his prior Tennessee drug convictions are no longer career offender predicates because there is a "mismatch of elements" and the statutes under which he was convicted criminalize a "greater swath of conduct than the elements of the relevant [Guidelines] offense." [Doc, 38 at Page ID # 129 (brackets in original)]. The Government responds that the motion to amend is untimely, does not relate back to the 2255 Motion, and is meritless.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because futility of the proposed amendment is a permissible basis on which to deny a motion for leave to amend, *see Foman*, 371 U.S. at 182 (noting grant or denial of a motion to amend is within the discretion of the district court), resolution of Petitioner's motion to amend depends on compliance with subsections (f)(1) or (3), equitable tolling, or relation back of the proposed claims to a timely-filed ground of collateral attack.[4]

As noted above, a one-year statute of limitations applies to the filing of a § 2255 motion. *See* 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *2–6 (E.D. Tenn. April 5, 2012) (citing *Olesen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner did not file his motion to amend until 2016, so the proposed amendment is untimely under § 2255(f)(1).

Likewise, Petitioner's proposed amendment is not timely under § 2255 (f)(3). In asserting that U.S.S.G. § 4B1.1 no longer applies to him, Petitioner invokes the alternate one-year limitations period which runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). To rely on § 2255

---

[4] Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case, i.e., he has not established that any illegal action by the Government prevented him from making a timely amendment or that the existence of facts affecting his case could not have previously been discovered through the exercise of due diligence.

11

(f)(3)'s independent one-year filing period to justify submission of the proposed amendment in 2016, however, Petitioner must satisfy the conditions required to trigger the renewed limitations period. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Petitioner cannot satisfy the conditions.

It is undisputed that Petitioner filed his motion to amend within one year of the *Mathis* decision, but *Mathis* does not involve any "newly recognized" right. Instead, in *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute—which defines "structure" to include "any building, structure, [or] land, water, or air vehicle"—had a broader locational component than generic burglary. 136 S. Ct. at 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated-offense clause. *Id.* at 2257.

*Mathis* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599 (1990), and refined in *Descamps v. United States*, 133 S. Ct. 2276 (2013), to a new set of facts. *See Mathis*, 136 S. Ct. at 2251, 2254 (citing "longstanding principles" and noting that prior "cases involving the modified categorical approach [had] already made exactly [the same] point"); *Id.* at 2257 ("Our precedents make this a straightforward case. For more than [twenty-five] years, we have repeatedly made clear that application of the [Armed Career Criminal Act (ACCA)] involves, and involves only, comparing

elements."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the scope of § 2255(f)(3). *See, e.g.*, *Edwards v. United States*, No. 2:16-CV-137-JRG, 2017 WL 2023649, at *4 (E.D. Tenn. May 11, 2017) (collecting cases and holding the *Mathis* decision did not articulate a newly recognized right within the meaning of subsection (f)(3)). Thus, the proposed amendment is not timely under 28 U.S.C. § 2255(f)(3).

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the 2255 Motion and the much later-filed proposed amendment does not reveal a single extraordinary circumstance justifying Petitioner's failure to submit the proposed amendment within the one-year window permitted by subsections (f)(1) and (f)(3). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted), *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been

13

separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). As such, no tolling will occur.

When an amendment is untimely, as here, courts look to Rule 15(c) to determine whether the proposed claim "relate[s] back" to a timely, original pleading and is thus saved from being time barred by expiration of the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 656-57 (2005), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007). The amended claim relates back if it "ar[i]se[s] out of the [same] conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The Supreme Court has rejected a broad reading of "conduct, transaction, or occurrence" in the context of post-conviction relief and explained an amended petition will not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those [set forth in] the original pleading." *Felix*, 545 U.S. at 649-50. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 658 (citations omitted).

That the modified categorical approach described in *Mathis* removed a prior drug offense from the definition of "controlled substance offense" is distinct from, i.e., does not share a core of operative fact with, Petitioner's prior-filed claim that his counsel was deficient because of a failure to object to the Court's allegedly improper use of a controlled substance offense to enhance his sentence without the filing of a proper § 851 Notice or in violation of *Alleyne v. United States*. For purposes of the instant case, comparison of the claims in Petitioner's proposed amendment with those raised in the 2255 Motion reveals that none of the grounds in the former share a core of operative fact with any of the grounds in the latter. Because it would be futile to supplement the 2255 Motion with time-barred grounds, the motion to amend will be denied.

As a result, it is not necessary to address the Government's alternative argument that *Mathis* and other cases cited by Petitioner do not undermine his career offender classification.

## IV. CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

## V. CONCLUSION

For the reasons discussed, a hearing is unnecessary, Petitioner's 2255 Motion [Doc. 32] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE